IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD JOSE DUPREE,

Petitioner, No. CIV S-10-2900 GGH P

vs.

CBS NETWORK, et al.,

Respondents.

ORDER &

FINDINGS AND RECOMMENDATIONS

_______________________________/

Petitioner, a state prisoner proceeding pro se, purports to have filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Among the many infirmities of this filing, petitioner has failed to file an in forma pauperis affidavit or to pay the required filing fee ($5.00). See 28 U.S.C. §§ 1914(a); 1915(a). In his application, petitioner states that he was convicted of both first degree murder and attempted murder in 2002 in Fresno County Superior Court. Petition, p. 2. Fresno County is part of the Fresno Division of the United States District Court for the Eastern District of California.[1] See Local Rule 120(d). Thus, had petitioner actually filed a non-frivolous civil action, it would have been transferred by the court, pursuant to Local Rule 120(f), to the proper division.

[1] In addition, petitioner is incarcerated at Corcoran State Prison which is located in Kings County, which also comes within the jurisdiction of the Fresno Division of the Eastern District.

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. 1979, as amended, 42 U.S.C. 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action.

Muhammad v. Close, 540 U.S.749, 750, 124 S.Ct. 1303, 1304 (2004) (per curiam). In this instance, petitioner fails completely to challenge the validity or duration of his confinement. He has also failed to frame colorable claims pursuant to 42 U.S.C. § 1983.

Among those he lists as respondents are the CBS Network and an individual he identifies as a CBS news anchor named Alicia Cortes. See Petition. “A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition. This person typically is the warden of the facility in which the petitioner is incarcerated. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir.1992).” Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Failure to name the petitioner’s custodian as a respondent deprives federal courts of personal jurisdiction. Id.; Dunne v. Henman, 875 F.2d 244, 249 (9th Cir.1989). Moreover, petitioner’s claims are virtually incoherent and nonsensical, referencing his “lyrics” having been stolen “via satellite” and his having filed a “misprision of felony” petition. Petition, p. 3. Petitioner references “espionage” and vague media conspiracies, also contending that “the biggest names in America ...have stolen and sung” his songs and complains that an unidentified case he has pending has failed to become a “media leak.” Petition, pp. 4-5. Rather than transferring this wholly meritless and defective filing, the undersigned will recommend its summary dismissal.

Accordingly, IT IS ORDERED that the Clerk of the Court make a district judge assignment to this case.

IT IS RECOMMENDED that this defective filing be summarily dismissed.

These findings and recommendations are submitted to the United States District

Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 17, 2010

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:009
dupr2900.ofr